DOMINIC V. SIGNOROTTI, BAR NO. 267712
dsignorotti@bpbsllp.com
BUCHMAN PROVINE BROTHERS SMITH LLP
2033 N. Main Street, Suite 720
Walnut Creek, California 94596
Telephone:    925 944 9700
Facsimile:    925 944 9701

Attorneys for Plaintiff
MYSFYT, INC., a California corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MYSFYT, INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> JAMES LUM, an individual; and DOES 1-20, inclusive, <br><br> Defendant. | Case No. <br><br> **COMPLAINT FOR TRADE DRESS INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION** <br><br> **DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff MYSFYT, INC., a California Corporation ("Plaintiff") and alleges against Defendant JAMES LUM, d/b/a Claror Skin Care ("Defendant"), and DOES 1-20, inclusive, as follows:

### JURISDICTION

1.      This Court has original subject matter jurisdiction over the claims in this action that relate to trade dress infringement, false designation of origin and federal unfair competition pursuant to 28 U.S.C. §§ 1331 and 1332(a), and 15 U.S.C. §§ 1116(a) and 1125(a), as these claims arise under the laws of the United States, are between citizens of a State and a foreign state, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.  The Court has supplemental jurisdiction over the claims in this Complaint which arise

429026.1                                                                                               COMPLAINT

1  under state law pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2. This Court has personal jurisdiction over Defendant because Defendant has a continuous, systematic, and substantial presence within this judicial district, including by selling and offering for sale infringing products in this judicial district, and by committing acts of trade dress infringement in this judicial district, including but not limited to selling infringing cosmetics and skin care products directly to consumers and/or retailers in this district and selling into the stream of commerce knowing such products would be sold in California and this district, which acts form a substantial part of the events or omissions giving rise to Plaintiff's claims.

## VENUE

3. A substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in this judicial district. (28 U.S.C. § 1391(b)(2).)

## PARTIES

4. Plaintiff MYSFYT, INC. is a California corporation, was duly organized and exists under the laws of the State of California, and is not subject to The Banking Law or The Public Utilities Act. Plaintiff is a California citizen, and has its principal office in San Francisco, California.

5. Plaintiff is informed and believes, and based thereon alleges, that Defendant JAMES LUM is an individual, doing business as Claror Skin Care, and a resident and citizen of London, England.

6. Plaintiff is ignorant of the true names and capacities of Defendants sued as DOES 1-20, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

## GENERAL ALLEGATIONS

7. Plaintiff is the owner of the website Acne.org. Since 1996, Acne.org has been a premier online resource for skin care and acne treatment, and a community for those afflicted by acne. Acne.org is a community of over half a million members, has over 2.5 million monthly

visitors and is recognized as a leader in the skin care industry. Amount other things, Acne.org offers a resource to members and non-members alike to discuss skin care problems and solutions, offer support and advice and serve as a community forum for discussing the latest acne research and treatments.

8. To further its goal of providing resources and research to individuals affected by acne, Acne.org developed the proprietary "Acne.org Regimen," a detailed step-by-step guide intended to address, treat and eliminate all forms of acne. The "Acne.org Regimen" is a detailed three-step process which involves the use of various proprietary skin care treatments, including a facial cleanser, a Benzoyl Peroxide 2.5% treatment and a moisturizer with Licochalcone. The "Acne.org Regiment" is administered in specified amounts, pursuant to a detailed schedule. The "Acne.org Regimen" was developed by Plaintiff in 1996, after 20 years of research and development, and has been promoted on its website and through various media since 1996.

9. Acne.org was initially formed to provide a community resource for people suffering from acne. Soon after its formation, Plaintiff realized that to best serve its members and further its goal of promoting the "Acne.org Regimen," it was best to operate as a for-profit entity, something which would enable Plaintiff to produce affordable and top quality skin care products. Acne.org began to source, manufacture and sell the proprietary blend of skin care products which made up the "Acne.org Regimen," including facial cleanser, a Benzoyl Peroxide 2.5% treatment and a Licochalcone moisturizer. The 2.5% Benzoyl Peroxide treatment is a particularly important part of the "Acne.org Regimen," as it is only a quarter as potent as the standard 10% Benzoyl Peroxide acne treatment sold by other skin care companies, an innovation which significantly reduces the likelihood of excessive dryness and irritation common from a 10% Benzoyl Peroxide product. In addition, the 2.5% Benzoyl Peroxide treatment uses a unique and proprietary gel formulation, as opposed to a liquid or cream formula, which prevents clumping and allows the solution to absorb better into skin.

10. Acne.org began marketing and selling its 2.5% Benzoyl Peroxide product (the "2.5% BP Product") in 2003 as a part of The Acne.org Regimen. The 2.5% BP Product has continuously been marketed and sold in a white plastic cosmetic tube with a distinctive red or

orange stripe on the side. On the basis of its strong reputation and distinctive trademarks, Acne.org has become a leader in the cosmetic and skin care industry. Its distinctive packaging has also developed a secondary meaning within the cosmetic skin care industry, based not only on the number of products sold but on Acne.org's 500,000 strong member community. The 2.5% BP Product is marketed and sold primarily through the Acne.org website and on Amazon.com.

11. Plaintiff is informed and believes, and based thereon alleges, that Defendant, doing business as "Claror Skin Care," began marketing and selling a "2.5% Benzoyl Peroxide Gel" (the "Infringing Product") in 2014, primarily through Amazon.com. Plaintiff is further informed and believes, and based thereon alleges, that the Infringing Product is designed and intended to replicate the packaging of the 2.5% BP Product, which has, and will continue to, cause confusion among Acne.org's customers and the public at large.

12. The Infringing Product is sold in the same white cosmetic 8 oz. tube which is associated with the 2.5% BP Product. The Infringing Product also copies the distinctive colored stripe design as the 2.5% BP Product and uses the identical red color as Acne.org's Glycolic Acid 10% product. The Infringing Product uses the same font as the 2.5% BP Product. In addition, the Infringing Product has copied Acne.org's unique gel formula and Benzoyl Peroxide concentration, and is offered in an 8oz bottle, identical to that offered by Acne.org until approximately one year ago. To further its goal of misleading and confusing customers by misappropriating the trade dress of the 2.5% BP Product, Defendant has paid for advertising for the Infringing Product around Acne.org's various products on Amazon.

13. In addition to copying the trade dress and Benzoyl Peroxide concentration of the 2.5% BP Product, Defendant has advertised and marketed the Infringing Product using nearly identical language to that used by Plaintiff to describe Step 2 of the "Acne.org Regimen," including, but not limited to, the strategy developed by Plaintiff to apply "one finger's length of product" to the user's face.

14. Taken together, Defendant has, without permission, consent and/or authorization from Plaintiff, made an unauthorized use of the trade dress for the 2.5% BP Product and marketed and advertised the Infringing Product with the goal of misleading consumers to believe that the

Infringing Product is somehow associated with the proprietary "Acne.org Regimen." Plaintiff is informed and believes, and based thereon alleges, that the Infringing Product is intended to trade upon the goodwill and substantial recognition associated with the 2.5% BP Product and the "Acne.org Regimen," and to cause confusion, mistake and deception amongst Plaintiff's customers.

15. Plaintiff is informed and believes, and based thereon alleges, that as a result of the acts complained of herein, Defendant has created a substantial likelihood of injury to Plaintiff's business reputation, and a significant likelihood of consumer confusion, mistake and deception as to the relationship between the Infringing Product and the 2.5% BP Product and the "Acne.org Regimen," and that Defendant has caused actual confusion by unfairly competing with Plaintiff by unlawfully trading on and using the trade dress of the 2.5% BP Product without permission and/or consent.

16. Plaintiff is informed and believes, and based thereon alleges, that the acts by Defendant complained of herein were willful and deliberate, and that they have caused Plaintiff to suffer irreparable injury to its business. Plaintiff will continue to suffer irreparable injury to its business, along with a loss of goodwill and reputation, unless and until Defendant is preliminarily and permanently enjoined from its wrongful conduct.

## FIRST CAUSE OF ACTION

### Federal Trade Dress Infringement

### (15 U.S.C. § 1125(a))

17. Plaintiff realleges and incorporates herein by reference the allegations contained in Paragraphs 1-16, inclusive, of this Complaint, as though set forth in full herein.

18. This is a claim for trade dress infringement pursuant to 15 U.S.C. § 1125(a).

19. Plaintiff is informed and believes, and based thereon alleges, that the trade dress on Plaintiff's 2.5% BP Product has acquired a secondary meaning within the cosmetic skin care industry to actual and potential customers, based on the longstanding use of the trade dress, the number of products sold and the 500,000 member strong community on Acne.org.

20. Plaintiff is informed and believes, and based thereon alleges, that since 2014, Defendant has developed, marketed, advertised and sold the Infringing Product, via both its website, clarorskincare.com and Amazon.com, which uses trade dress confusingly similar to the 2.5% BP Product trade dress.

21. Plaintiff is informed and believes, and based thereon alleges, that Defendant's acts of trade dress infringement were undertaken willfully and with the full knowledge and intent of causing confusion, and to mislead and deceive the purchasing public.

22. Plaintiff is informed and believes, and based thereon alleges, that Defendant has actually derived and received, and will continue to derive and receive, significant and substantial gains, profits and advantages from its trade dress infringement on the Infringing Product in an amount not presently known to Plaintiff, but in excess of $75,000, and which will be proven at trial. As a direct and proximate result of Defendant's actions and continuing trade dress infringement, Plaintiff has been damaged and is entitled to injunctive, equitable and/or monetary relief in an amount to be proven at trial.

23. Plaintiff is informed and believes, and based thereon alleges, that as a direct and proximate result of Defendant's continuing trade dress infringement, Plaintiff has suffered, and will continue to suffer, great and irreparable injury for which Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays for damages as set forth below.

## SECOND CAUSE OF ACTION

### Federal Unfair Competition and False Designation of Origin

### (15 U.S.C. § 1125(a))

24. Plaintiff realleges and incorporates herein by reference the allegations contained in Paragraphs 1-23, inclusive, of this Complaint, as though set forth in full herein.

25. This is a claim for false designation of origin and unfair competition pursuant to 15 U.S.C. § 1125(a).

26. Plaintiff is informed and believes, and based thereon alleges, that Defendant's use of Plaintiff's trade dress without consent or permission, along with its advertisement and

BUCHMAN PROVINE BROTHERS SMITH LLP
ATTORNEYS AT LAW
WALNUT CREEK, CA

marketing of the Infringing Product with the goal of misleading consumers to believe that the Infringing Product is somehow associated with the proprietary "Acne.org Regimen," together constitute a false designation of origin, false or misleading description of fact and/or false or misleading representation of fact, which are likely to cause confusion, mistake and/or to deceive as to the affiliation, connection and/or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services or commercial activities by another person, in violation of 15 U.S.C. § 1125(a).

27.  Plaintiff is informed and believes, and based thereon alleges, that Defendant's use of Plaintiff's trade dress without consent or permission, along with its advertisement and marketing of the Infringing Product with the goal of misleading consumers to believe that the Infringing Product is somehow associated with the proprietary "Acne.org Regimen," together constitute a false designation of origin, false or misleading description of fact and/or false or misleading representation of fact, which in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities in violation of 15 U.S.C. § 1125(a).

28.  Plaintiff is informed and believes, and based thereon alleges, that Defendant's conduct is likely to confuse, mislead, and deceive both Plaintiff's customers and the general public as to the origin of Plaintiff's and Defendant's trade dress and cause said persons to believe that Defendant and/or its products have been sponsored, approved, authorized and/or licensed by Plaintiff or are somehow affiliated or connected with Plaintiff.

29.  Plaintiff is informed and believes, and based thereon alleges, that Defendant's acts were undertaken willfully and with the full knowledge of the falsity of such designation of origin and false descriptions and/or representations, and intended to cause confusion, and to mislead and deceive the purchasing public.

30.  Plaintiff is informed and believes, and based thereon alleges, that Defendant has actually derived and received, and will continue to derive and receive, significant and substantial gains, profits and advantages from its false designation of origin, false and misleading statements, descriptions of fact, or false or misleading representations of fact in an amount not presently

known to Plaintiff, but in excess of $75,000, and which will be proven at trial. As a direct and proximately result of Defendant's conduct described herein, Plaintiff has been damaged and is entitled to injunctive, equitable and/or monetary relief in an amount to be proven at trial.

31.     Plaintiff is informed and believes, and based thereon alleges, that as a direct and proximate result of Defendant's conduct, constituting false designation of origin, false or misleading statements, false or misleading descriptions of fact and/or false or misleading representations of fact, Plaintiff has suffered, and will continue to suffer, great and irreparable injury for which Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays for damages as set forth below.

## THIRD CAUSE OF ACTION

### California Unfair Competition

### (Cal. Bus. and Prof. Code § 17200)

32.     Plaintiff realleges and incorporates herein by reference the allegations contained in Paragraphs 1-31, inclusive, of this Complaint, as though set forth in full herein.

33.     This is a claim for unfair competition, in violation of California Business and Professions Code § 17200, *et seq.*

34.     Plaintiff is informed and believes, and based thereon alleges, that Defendant has willfully and intentionally advertised, marketed and sold the Infringing Product through both its website and through Amazon.com to California customers and consumers, and in doing so, has misled said customers and consumers as to the relation of the Infringing Product with the 2.5% BP Product and the "Acne.org Regimen."

35.     California Business & Professions Code § 17200 prohibits any "unlawful, unfair or fraudulent business act or practice." Defendant's acts of trade dress infringement and false designation of original complained of herein constitute an unlawful and unfair business practice, and have caused actual harm to Plaintiff.

36.     Plaintiff is informed and believes, and based thereon alleges, that as a direct and proximate result of Defendant's unlawful conduct, Defendant has derived and received, and will continue to derive and receive, gains, profits and advantages from Defendant's unfair competition

in an amount not presently known to Plaintiff. Further, Plaintiff is informed and believes, and based thereon alleges, that Plaintiff has been directly harmed by Defendant's unfair competition, that Defendant's wrongful and intentional conduct was a direct and substantial factor in causing harm to Plaintiff and that Plaintiff has suffered, and will continue to suffer, great and irreparable injury for which Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays for damages as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in its favor against Defendant as follows:

A.   For a preliminary and permanent injunction, pursuant to 15 U.S.C. § 1116, enjoining Defendant, its officers, directors, agents, servants, employees, contractors, members, managers and attorneys, including those persons acting in concert and/or participation with Defendant, from engaging in the following activities:

   a. Using the 2.5% BP Product trade dress, or another other trade dress that is confusingly similar to the 2.5% BP Product trade dress;
   b. Manufacturing, using, displaying, marketing, advertising, distributing and/or selling any goods which infringe the 2.5% BP Product trade dress;
   c. Displaying, marketing, advertising, distributing and/or selling any goods which mislead consumers to believe that the Infringing Product is somehow associated with the proprietary "Acne.org Regimen";
   d. Falsely designating the origin of the Infringing Product;
   e. Unfairly competing with Plaintiff in any manner whatsoever;
   f. Making any false or misleading statements, descriptions of fact or false or misleading representations of fact; and/or
   g. Causing a likelihood of confusion or injuries to Plaintiff's business reputation.

B.   For an Order adjudging Defendant to have willfully infringed the trade dress of the 2.5% BP Product, in violation of 15 U.S.C. § 1125.

C. For an Order adjudging Defendant to have falsely designated the origin of the Infringing Product, in violation of 15 U.S.C. § 1125.

D. For an Order adjudging Defendant to have unfairly competed with Plaintiff under 15 U.S.C. § 1125 and California Business & Professions Code § 17200, *et seq.*

E. For an Order that Defendant account for all gains, profits and advantages derived by Defendant from the infringement of the 2.5% BP Product, false designation of origin and federal unfair competition, and that Defendant pay to Plaintiff all damages suffered by Plaintiff, and/or Defendant's total profit from such infringement, up to three times the amount of actual damages, pursuant to 15 U.S.C. § 1117.

F. For an Order adjudging that this is an exceptional case.

G. For an Order that Defendant pay to Plaintiff all costs and attorneys' fees incurred with respect to this action, pursuant to 15 U.S.C. § 1117.

H. For an Order that Defendant's acts of trade dress infringement, false designation of origin and unfair competition were willful.

I. For an Order that Defendant be ordered to destroy any remaining inventory of infringing products, as well as all advertising and promotional materials, displays, stationary, business cards, web pages and/or other materials relating to said infringing products, pursuant to 15 U.S.C. § 1118.

J. For compensatory damages in an amount to be proven at trial.

K. For pre-judgment and post-judgment interest according to proof.

L. For such other and further relief as this Court may deem proper.

Dated: July 7, 2016

**BUCHMAN PROVINE BROTHERS SMITH** LLP

By: /s/ DOMINIC V. SIGNOROTTI
Dominic V. Signorotti
Attorneys for Plaintiff
MYSFYT, INC., a California corporation

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: July 7, 2016

**BUCHMAN PROVINE BROTHERS SMITH LLP**

By: /s/ DOMINIC V. SIGNOROTTI
Dominic V. Signorotti
Attorneys for Plaintiff
MYSFYT, INC., a California corporation