UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYSFYT, INC.,<br>        Plaintiff,<br>    v.<br>JAMES LUM,<br>        Defendant. | Case No. 4:16-cv-03813-KAW<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 17 |

On October 27, 2016, Defendant James Lum filed a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

Upon review of the moving papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, DENIES Defendant's motion to dismiss.

## I.   BACKGROUND

Plaintiff Mysfyt, Inc. is a California corporation with its principal place of business in San Francisco, California. (Compl., Dkt. No. 1 ¶ 4.) Plaintiff is the owner of the website *Acne.org*, which is an online resource with a community of over 500,000 members and 2.5 million monthly visitors. (Compl. ¶ 7.) Plaintiff has developed the proprietary "Acne.org Regimen," a digital step-by-step guide to address acne. (Compl. ¶ 8.) Step two of the three-step process includes a 2.5% Benzoyl Peroxide treatment ("2.5% BP Product"). *Id.* The 2.5% BP Product uses a "proprietary gel formulation, as opposed to a liquid or cream formula, which prevents clumping and allows the solution to absorb better into skin." (Compl. ¶ 9.) Plaintiff began marketing and selling this product in 2003 as part of the "Acne.org Regimen," and the product is sold in a white plastic cosmetic tube with a distinctive red or orange stripe on the side." (Compl. ¶ 10.) The 2.5% BP

treatment is marketed and sold primarily through the Acne.org website and Amazon.com. *Id.*

Plaintiff alleges that Defendant James Lum, doing business as "Claror Skin Care," began marketing and selling a "2.5% Benzoyl Peroxide Gel" ("the Accused Product") in 2014, primarily through Amazon.com. (Compl. ¶ 11.) Mr. Lum is a resident of the United Kingdom. (Decl. of James Lum, "Lum Decl.," Dkt. No. 18 ¶ 2.) Plaintiff alleges that the Accused Product's packaging is designed and intended to replicate the packaging of the 2.5% BP Product, which has, and will continue to cause confusion among Acne.org's customers and the public at large, because the packaging is so similar. (Compl. ¶¶ 11-12) Plaintiff further alleges that Defendant has advertised the Accused Product using nearly identical language to that used by Plaintiff to describe Step 2 of the "Acne.org Regimen," including the strategy to apply "'one finger's length of product' to the user's face." (Compl. ¶ 4.)

On July 7, 2016, Plaintiff filed an action against Defendant for federal trade dress infringement, 15 U.S.C. § 1125(a), federal unfair competition and false designation of origin, 15 U.S.C. § 1125(a), and unfair competition under California law, California Business and Professions Code § 17200.

On October 27, 2016, Defendant filed a motion to dismiss for lack of personal jurisdiction. (Def.'s Mot., Dkt. No. 17.) On November 10, 2016, Plaintiff filed an opposition. (Pl.'s Opp'n, Dkt. No. 23.) On November 17, 2016, Defendant filed a reply. (Def.'s Reply, Dkt. No. 24.)

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss a claim for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). The plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). "Where, as here, a motion to dismiss is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts." *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 608 (9th Cir. 2010). To make a prima facie showing, "the plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). "Uncontroverted allegations in the complaint must be taken as true, and conflicts over

2

statements contained in affidavits must be resolved in [plaintiff's] favor." *Love*, 611 F.3d at 608.

## III.   DISCUSSION

Defendant moves to dismiss the case under Rule 12(b)(2) for lack of personal jurisdiction. (Defs.' Mot. at 1.) As an initial matter, Defendant's reply is replete with statements that Plaintiff fails to "establish facts" or has provided "no evidence" to support its allegations supporting the exercise of personal jurisdiction. (*See, e.g.,* Def.'s Reply at 3.) At the pleading stage, Plaintiff need only allege facts that, if true, would support the exercise of jurisdiction. Indeed, the facts alleged are uncontroverted, so the allegations must be taken as true. *Love*, 611 F.3d at 608. The only issue is whether those facts are sufficient to confer personal jurisdiction over Defendant.

California's long-arm statute authorizes specific personal jurisdiction over nonresident defendants to the full extent permitted by the Due Process Clause of the United States Constitution. Accordingly, "the jurisdictional analyses under state law and federal due process are the same." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-01 (9th Cir. 2004). To satisfy due process, a defendant must have sufficient "minimum contacts" with the forum state that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The two recognized bases for exercising personal jurisdiction over a nonresident defendant are "general jurisdiction" and "specific jurisdiction." *Doe v. Am. Nat. Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997).

Again, Plaintiff bears the burden of demonstrating that the court has jurisdiction over Defendant.

### A.   General Jurisdiction

General jurisdiction over a nonresident defendant exists when the defendant engages in "continuous and systematic general business contacts" that "approximate physical presence in the forum state." *Schwarzenegger*, 374 F.3d at 801 (internal citations and quotation marks omitted). In not addressing general jurisdiction in its opposition, Plaintiff concedes that the Court does not have general jurisdiction over Defendant. (*See* Pl.'s Opp'n at 2.)

///

///

### B. Specific Jurisdiction

The Court may assert specific personal jurisdiction over nonresident defendants if three requirements are met:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802. If the plaintiff succeeds in satisfying the first two prongs, the burden then shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would be unreasonable. *Id.*

#### i. Purposeful Availment

The first requirement encompasses two distinct concepts: purposeful availment and purposeful direction. The court engages in "purposeful availment" analysis for contract cases and "purposeful direction" analysis for tort cases. *Schwarzenegger*, 374 F.3d at 802; *see also Craigslist, Inc. v. Kerbel*, 2012 WL 3166798, at *4 (N.D. Cal. Aug. 2, 2012). "In analyzing purposeful direction, the Court applies the 'effects' test first established by the Supreme Court in *Calder v. Jones*, 465 U.S. 783 (1983)." *Kerbel*, 2012 WL 3166798, at *4. Jurisdiction is proper under the effects test if the defendant "(1) committed an intentional act, which was (2) expressly aimed at the forum state, and (3) caused harm, the brunt of which is suffered and which the defendant knows is likely to be suffered in the forum state." *Id.* (citing *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000)).

##### a. Intentional acts

First, the nonresident defendant committed intentional acts by selling the accused product. (Compl. ¶ 11.)

///

///

4

b. Express aiming

Second, the nonresident defendant expressly aimed its conduct at the chosen forum. Express aiming exists where "the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." *CollegeSource, Inc. v. Academyone, Inc.*, 653 F.3d 1066, 1077 (9th Cir. 2011) (internal quotation marks and citations omitted).

"[T]he likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of the commercial activity that an entity conducts over the Internet." *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 419 (9th Cir. 1997) (quoting *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997)). Personal jurisdiction is appropriate where an entity is conducting business over the internet and has offered for sale and sold its products to forum residents. *See Stomp, Inc. v. NeatO, LLC*, 61 F. Supp. 2d 1074, 1077–78 (C.D. Cal. 1999) (holding that the exercise of personal jurisdiction was appropriate based on the "highly commercial" nature of defendant's website).

Here, Defendant sold the accused product on Amazon.com, thereby allegedly targeting Plaintiff, which is located in California. (Compl. ¶¶ 4, 11.) Defendant also operated a website, which was passive, because he was only selling products through Amazon.com. (Def.'s Mot. at 2.) Defendant claims that only 888 of 4,301 units sold via Amazon.com were shipped to California residents, constituting a small fraction of the sales of the accused product. (Defs.' Mot. at 1; Lum Decl. ¶ 6.)

The Court disagrees with Defendant's position that the fact that 20% of sales were shipped to California residents is insignificant, and that Plaintiff's failure to account for the other 80% of sales is somehow dispositive at the pleadings stage. (Def.'s Reply at 5.) While a small number of sales to the forum may defeat general jurisdiction, it does not automatically defeat the express aiming element. *See Fusionbrands, Inc. v. Suburban Bowery of Suffern, Inc.*, 2013 WL 5423106, at *6 (N.D. Ga. Sept. 26, 2013)($6,000 in total sales from Amazon.com storefront was express aiming in infringement case, because Amazon ships nationwide); *see also Regal Art & Gifts, Inc. v. Fusion Prod., Ltd.*, 2016 WL 454116, at *5 (N.D. Cal. Feb. 5, 2016)(four units sold to

California residents from highly commercial website likely sufficient to satisfy express aiming requirement). To be sure, "[b]y advertising and offering its products for sale via the Internet, [a company] has placed its products into the stream of commerce intending that they would be purchased by consumers with access to the Web, including California citizens." *Stomp*, 61 F. Supp. 2d at 1078. To find otherwise, would allow corporations who sell products on websites serving a national market to defeat jurisdiction in states where those websites generate substantial profits from local consumers. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1231 (9th Cir. 2011) (citing *Burger King*, 471 U.S. at 473-74 ("[W]here individuals 'purposefully derive benefit' from their interstate activities, it may well be unfair to allow them to escape having to account in other States for consequences that arise predictably from such activities; the Due Process Clause may not readily be wielded as a territorial shield to avoid interstate obligations that have been voluntarily assumed.")).

Thus, Plaintiff's allegation regarding the sales of products via Amazon.com satisfies the express aiming element of the *Calder* test. The fact that Defendant operated a passive, informational website is irrelevant.

### c. Foreseeable Harm

Third, the nonresident defendant should have foreseen that it would cause harm in California. Generally, a defendant is found to know that the action would cause harm in the state in which the copyright holder is located. *See craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1053 (N.D. Cal. 2010). For the purpose of the foreseeable harm inquiry, "it does not matter that even more harm might have been suffered in another state." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006).

Defendant concedes that he used Amazon.com, Inc.'s "Sponsored Products" keyword advertising, so that when consumers searched for common competitors' names, including Acne.org, the Accused Product would appear. (Lum Decl. ¶ 8.) Thus, it was foreseeable that Plaintiff, a company residing in California, would suffer harm in the forum state.

### ii. Arising from forum-related activities

This element is established if Plaintiff would not have been injured "but for" the

nonresident defendant's forum-related activities. *See Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995). The Ninth Circuit has recognized that if the defendant's infringing conduct harms the plaintiff in a forum state where plaintiff uses its trademark, this element is satisfied. *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1322 (9th Cir. 1998); *see also Vanity.com, Inc. v. Vanity Shop of Grand Forks, Inc.*, 2012 WL 4755041, at *4 (N.D. Cal. Oct. 4, 2012) (where "[defendant]'s dealings with California customers enable it to profit from its alleged [trademark infringement]" then plaintiff's "claims arise out of defendant's forum-related activities.") Here, Plaintiff adequately alleges that Defendant sold the accused product in California and that Plaintiff resides in the Northern District of California. (Compl. ¶¶ 2, 4.) Thus, Plaintiff satisfies the second prong of specific jurisdiction.

### iii. Reasonableness

Because the first two requirements for exercising specific personal jurisdiction has been established, the nonresident defendant must present a "compelling case" that asserting jurisdiction would be unreasonable. *Mavrix*, 647 F.3d at 1228 (citations omitted). Generally, a defendant must "present a compelling case that the exercise of jurisdiction would not be reasonable." *Schwarzenegger*, 374 F.3d at 802. (internal quotation marks omitted). However, a plaintiff seeking to hale a foreign defendant into court in the United States must meet a "higher jurisdictional threshold" than is required when a defendant is a United States resident. *See Core–Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1490 (9th Cir. 1993).

Seven factors are considered to determine whether personal jurisdiction is reasonable: (1) the extent of a defendant's purposeful interjection; (2) the burden on the defendant in defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Panavision*, 141 F.3d at 1323. "No one factor is dispositive; a court must balance all seven." *Id.*

Defendant argues that the exercise of personal jurisdiction would be unreasonable under *Burger King*. (Def.'s Mot. at 9-10.)

7

### a. Purposeful Interjection

"Even if there is sufficient 'interjection' into the state to satisfy the [purposeful availment prong], the degree of interjection is a factor to be weighed in assessing the overall reasonableness of jurisdiction under the [reasonableness prong]." *Core–Vent Corp.*, 11 F.3d at 1488 (quoting *Insurance Co. of N. Am. v. Marina Salina Cruz*, 649 F.2d 1266, 1271 (9th Cir. 1981)). "The smaller the element of purposeful interjection, the less is jurisdiction to be anticipated and the less reasonable is its exercise." *Id.*

Here, the fact that Defendant resides in the United Kingdom, and claims that he does not own any property, assets, or accounts in California, weighs against purposeful interjection. In his reply, Defendant argues that "[t]he fact that his product was visible to California residents, and that keyword searches in California would display Mr. Lum's product identically in the rest of the country, is far from equivalent to a 'conscious decision' to target 'California consumers.'" (Def.'s Reply at 8.) Defendant, however, made a decision to manufacture and sell the Accused Product in the United States, and 20% of those sales were made to consumers in California. (*See* Lum Decl. ¶¶ 6-7.) Therefore, Defendant allegedly knew of the damage the sales might cause Plaintiff, which weighs in favor of finding a larger degree of purposeful interjection. *See Panavision*, 141 F.3d at 1323 (finding more purposeful interjection where there is knowledge of likely injury).

Thus, the Court finds that this factor weighs in favor of finding that personal jurisdiction is reasonable.

### b. Burden on Defendant

When considering the burden on the defendant, "unless the 'inconvenience is so great as to constitute a deprivation of due process, it will not overcome clear justifications for the exercise of jurisdiction.'" *Panavision*, 141 F.3d at 1323 (quoting *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 128–29 (9th Cir. 1995)).

Here, Defendant argues that forcing him to litigate in California would impose a great burden, because, "Mr. Lum, as an individual, is exposed to much greater hardship when defending himself in California than Plaintiff, a corporation, would be exposed to, should the litigation proceed elsewhere." (Def.'s Mot. at 11.) Defendant makes no factual showing of this burden and

does not suggest an alternative forum in the United States. Instead, he takes the untenable position that no such forum exists outside of the United Kingdom. (Def.'s Reply at 11.) Further, Defendant's reliance on *Core-Vent* in support of his position is misplaced, as *Core-Vent* concerned Swedish doctors with no United States-based relationships. (Def.'s Reply at 9; *Core-Vent Corp.*, 11 F.3d at 1489.) Here, unlike the defendants in *Core-Vent*, Defendant maintained relationships with a Florida-based manufacturer and Amazon.com in order to manufacture and sell products to United States residents.

While litigating this matter in California may impose some burden on Defendant, concerns over exerting jurisdiction over international defendants have diminished as "progress in communications and transportation has made the defense of a suit in a foreign tribunal less burdensome." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 294 (1980) (quoting *Hanson v. Denckla*, 357 U.S. 235, 250-51 (1958)); *see also Panavision*, 141 F.3d at 1323 ("in this era of fax machines and discount air travel, requiring [defendant] to litigate in California is not constitutionally unreasonable.") Defendant may confer with its local counsel by phone, e-mail, video conference, or other forms of electronic communication. *AirWair Int'l Ltd. v. Schultz*, 73 F. Supp. 3d 1225, 1239 (N.D. Cal. 2014). Given that "modern advances in communications and transportation have significantly reduced the burden on litigating in another country," the Court finds that Defendant has not carried his burden to show that this factor is in his favor, rendering it neutral. *Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1199 (9th Cir. 1988); *see also AirWair Int'l Ltd.*, 73 F. Supp. 3d at 1239.

      c. <u>Conflict with the Sovereignty of Defendant's State</u>

Conflict with the sovereignty of a defendant's state requires "an examination of the competing sovereign interests in regulating [the defendant's] behavior." *Dole Food Co.*, 303 F.3d at 1115. Since sovereignty concerns inevitably arise whenever a United States court exercises jurisdiction over a foreign national, this factor is "by no means controlling." *Ballard*, 65 F.3d at 1501. Otherwise, "it would always prevent suit against a foreign national in a United States court." *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1333 (9th Cir. 1984).

Defendant's apparent belief that this part of the jurisdictional inquiry concerns Defendant's

9

connection with California rather than with the United States is incorrect. (*See* Def.'s Reply at 9.) Indeed, "[i]n determining how much weight to give this factor, we have focused on the presence or absence of connections to the United States in general, not just to the forum state. Sovereignty concerns weigh more heavily when the defendants have no United States-based relationships." *Core-Vent Corp.*, 11 F.3d at 1489 (citing *Sinatra*, 854 F.2d at 1191).

Here, the United Kingdom has some interest in regulating the conduct of its residents. Plaintiff's complaint, however, only raises questions of U.S. and California law. It does not allege any cause of action under the laws of the United Kingdom, or any other sovereign country. The claims alleged concern Defendant's connection with the United States, where he affirmatively chose to manufacture and sell the Accused Product. Therefore, this factor is, at best, neutral.

### d. California's Interest

California has a strong interest in discouraging infringement injuries that occur within the state. *See Fujitsu Ltd. v. Belkin Int'l, Inc.*, 782 F. Supp. 2d 868, 885 (N.D. Cal. 2011) (California has a strong interest in preventing patent infringement injury within the state when committed by a foreign company); *Beverly Hills Fan. Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1568 (Fed. Cir. 1994) (forum state "has an interest in discouraging injuries that occur within the state" including injuries stemming from patent infringement). This interest derives in part from California's "strong interest in protecting its citizens from trademark infringement and consumer confusion." *Nissan Motor Co. v. Nissan Computer Corp.*, 89 F. Supp. 2d 1154, 1161 (C.D. Cal. 2000). Thus, the Court finds that this factor weighs in favor of reasonableness.

### e. Efficient Resolution

The Ninth Circuit has held that efficient resolution "focuses on the location of the evidence and witnesses. It is no longer weighed heavily given the modern advances in communication and transportation." *Panavision*, 141 F.3d at 1323 (internal citation omitted). Further, "electronic access to documents makes the location of . . . evidence far less important to efficient resolution of the case." *Anspach v. Meyer*, 2014 WL 345676, at *5 (D. Ariz. Jan. 30, 2014). Here, witnesses for Defendant may have to engage in significant travel to this forum, making resolution less efficient. Indeed, Defendant conducted business from his residence in the United Kingdom, so, to the extent

that business records could be located in the United States, evidence would be in the possession of the Florida-based manufacturer and Amazon.com, a Washington-based company. (*See* Def.'s Mot. at 12.) By his own admission, Defendant, as a sole proprietor, appears to be the only witness in the United Kingdom. (*See* Def.'s Reply at 10.) Given the ease of transmitting documents electronically, this factor is neutral.

### f. Convenience to Plaintiff

"In evaluating the convenience and effectiveness of relief for the plaintiff, we have given little weight to the plaintiff's inconvenience." *Panavision*, 141 F.3d at 1324; *see also Dole Food Co.*, 303 F.3d at 1116 ("[I]n this circuit, the plaintiff's convenience is not of paramount importance."). Plaintiff is located in the Northern District, so this factor, although given little weight, weighs in favor of reasonableness.

### g. Alternative Forum

Defendant argues that Plaintiff has not demonstrated the inadequacy of the alternative forum nor the superiority of the chosen forum. (Def.'s Mot. at 13.) Defendant, however, bears the burden of asserting jurisdiction would be unreasonable. *Mavrix*, 647 F.3d at 1228.

In opposition, Plaintiff concedes that it is impossible to determine whether another forum in the United States is available as an alternative, but that, based on Defendant's declaration, California appears to be the single largest market for the Accused Product. (Pl.'s Opp'n at 5; Lum Decl. ¶ 6.) Moreover, in the reply, Defendant claims that "there are constitutionally insufficient contacts to maintain suit against him as an individual outside of his place of residence." (Def.'s Reply at 11.)

Defendant's position is unavailing for two reasons. First, Defendant cannot do business in the United States, infringe on the rights of a United States corporation, and not expect to be hauled into court in the United States. Second, Plaintiff raises no claims under the laws of the United Kingdom. Rather, all of its prayers for relief arise under United States or California law. Defendant does not establish that Plaintiff could assert its federal and state infringement claims in the United Kingdom. *See AirWair Int'l Ltd.*, 73 F. Supp. 3d at 1241. The Court finds that this factor weighs in favor of reasonableness.

11

In light of the foregoing, four factors in the reasonableness test weigh in Plaintiff's favor, and the remaining are neutral. The Court, therefore, finds that Defendant has not satisfied its burden to show that the exercise of specific personal jurisdiction would be unreasonable.

### C. Jurisdiction under Federal Rule of Civil Procedure 4(k)

Since the Court finds that the exercise of personal jurisdiction is proper, the Court need not address whether jurisdiction may be alternatively exercised under Rule 4(k)(2).

### IV. CONCLUSION

In light of the foregoing, the Court DENIES Defendant James Lum's motion to dismiss. Defendant shall file an answer within 21 days of this order.

IT IS SO ORDERED.

Dated: November 29, 2016

KANDIS A. WESTMORE
United States Magistrate Judge